**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-CR-30013-DWD |
| | ) | |
| LOUIS C. MORRIS JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is currently before the Court on Defendant Louis C. Morris Jr.'s Motion for Early Termination of Supervised Release (Doc. 3).   Mr. Morris was sentenced to 72 months' imprisonment to be followed by four years' supervised release in the Eastern District of Missouri for the offense of Conspiracy to Distribute Heroin. (Doc. 6). On April 8, 2022, the defendant was released from the custody of the Federal Bureau of Prisons and began his term of supervised release. (Doc. 6). Mr. Morris contends that he has been compliant with all terms of supervision, including maintaining employment where he recently received a promotion.

The Government responded on July 11, 2025. (Doc. 6). The Government agrees that Mr. Morris has been compliant with all terms of supervision and has no objection to the request for early termination of supervised release. (Doc. 6). The probation department agrees that Mr. Morris is a good candidate for early termination, reporting that Mr. Morris has made the necessary adjustments to be a productive member of the

community. (Doc. 6). The probation department also indicates that since his release, Mr. Morris has maintained employment and a stable residence, reported to probation as instructed, rendered negative results for the use of illicit substances, and paid his financial obligation in full. (Doc. 6).

18 U.S.C. § 3583(e)(1) provides that "the court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See also* Fed. R. Crim. Proc. 32.1(c)(2) (allowing for modification of supervised release without a hearing).

After considering the motion and the Section 3553(a) factors, the Court finds that early termination of Mr. Morris's supervised release is warranted by his conduct and in the interest of justice. Mr. Morris's dedication to turning his life around during supervised release is commendable, reflecting a true commitment to rehabilitation. The Motion for Termination of Supervised Release (Doc. 3) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order. The Court wishes Mr. Morris continued success.

**IT IS SO ORDERED.**

Dated: July 14, 2025

**s/*David W. Dugan***
DAVID W. DUGAN
United States District Judge